## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| ANTONIO SHROPSHIRE, ) | |
| ) | |
| Claimant, ) | |
| ) | |
| vs. ) | Case No. 4:17-cv-280-CLS |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner, Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER OF REMAND

Claimant, Antonio Shropshire, commenced this action on February 21, 2017, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability, disability insurance, and supplemental security income benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ: (1) failed to order an additional psychological evaluation; (2) failed to state adequate reasons for finding claimant's subjective complaints to be less than fully credible; (3) failed to find that claimant met Listings 12.04 and 12.06; (4) entered a residual functional capacity finding that was not supported by substantial evidence; (5) failed to give proper weight to the opinion of Dr. Jack Bentley, the consultative psychologist; and, (6) failed to assess the intensity and persistence of claimant's symptoms pursuant to Social Security Ruling 16-3p. He also argues that the Appeals Council failed to properly review new evidence submitted after the date of the ALJ's decision.

The court finds merit in claimant's first and fifth arguments, both of which concern the consultative psychological examination of Jack Bentley, Ph.D., who examined claimant *at the request of the Commissioner* on April 12, 2014, and issued a report on April 18, 2014. Claimant reported experiencing psychiatric problems after joining the Air Force in 2001. He worked as a medic in a military hospital, where he "encountered numerous individuals with multiple traumatic injuries suffered in the wars in Iraq and Afghanistan."[1] After that, claimant began experiencing "flashbacks, nightmares, panic attacks, periodic crying spells, paranoia, rages and a

---

[1] Tr. 308.

marked loss of self-esteem."² Claimant was treated with medication prescribed by a VA psychiatrist, but the medication did not make a significant difference, and the severity of his flashbacks and nightmares was gradually escalating. After being honorably discharged from the Air Force in 2010, claimant attempted to return to college, but he "could not tolerate being in a classroom with other students," and he was failing all of his classes.³ He also attempted to work in an emergency room, but he could not tolerate the atmosphere "and seeing individuals with traumatic injuries."⁴

During the clinical examination, claimant exhibited no obvious limitation of memory or communication skills. His mood was moderately dysphoric, and his affect was restricted. There was evidence of anxiety, restlessness, and some hypervigilence. Claimant insisted that the door to the examination room remain open, and he was suspicious that someone might be trying to enter the room during the examination. There was evidence of obsessional thinking, but no history of auditory or visual hallucinations. Additionally, Dr. Bentley observed:

> [Claimant] is alert and oriented. The patient did recall two of three objects after a five-minute delay. Mr. Shropshire did recite six digits forward and four backwards. The claimant indicated that there [are] 48 weeks in a year, the sun rises in the East[,] and Shakespeare [is the] author of Hamlet. He stated that Brazil is in South America. The patient accurately interpreted one of two proverbs and provided the

---

² *Id.*
³ Tr. 309.
⁴ *Id.*

3

analogy in three of three abstractions. The patient was able to perform serial 7's and 3's from 100. The client stated the names of national, state and local leaders. He correctly counted backwards from 20 to 1.

Tr. 309 (alterations supplied).

Claimant reported that his sleep often was disturbed by his obsessional thinking and anxiety, but those problems improved after he began taking Benadryl at night. Claimant attends church periodically with his family, but he otherwise rarely leaves home due to his mistrust of strangers. He has no hobbies, but he is able to carry out his daily living activities without assistance.

Dr. Bentley assessed claimant as experiencing post-traumatic stress disorder ("PTSD") with marked paranoid features and multiple health problems. Dr. Bentley stated that claimant had developed PTSD as a result of his work as an Air Force medic. His symptoms — including flashbacks, nightmares, and panic attacks — had escalated, and he experienced "marked paranoia" at the time of the exam. In summary, Dr. Bentley stated:

> The claimant is judged to be able to manage any funds that he may be awarded. The prognosis for his current level of functioning is considered favorable. There was no evidence of symptom exaggeration. He has reasonable insight into the etiology of his symptoms. The severity of his PTSD would substantially limit him from sustaining complex or repetitive tasks. His paranoia would further limit his ability to communicate effectively with coworkers and supervisors. These same symptoms would also limit his ability to work at a normal pace. Mr. Shropshire would appear only capable of sustaining simple work-related decisions in a non-stressful environment that requires little

4

communication with fellow employees.

Tr. 310.

The ALJ stated that he afforded only little weight to Dr. Bentley's assessment, because

> *Dr. Bentley is not an acceptable medical source and cannot make a medical diagnosis that can be considered a medically determinable impairment . . . .* Furthermore, his assessment is largely based on the claimant's self-reported symptoms and is not supported by the limited treatment evidence of record, which shows that the claimant responded well to medications when he was compliant with them.

Tr. 26 (emphasis and ellipsis supplied).

Claimant's challenge to the ALJ's treatment of Dr. Bentley's assessment is two-fold. First, claimant asserts that the ALJ improperly rejected Dr. Bentley's opinion. Second, claimant asserts that, after rejecting Dr. Bentley's assessment, the ALJ should have ordered an additional psychological examination. The court agrees with both contentions.

The ALJ's primary basis for rejecting Dr. Bentley's assessment was that Dr. Bentley is not an acceptable medical source. *Social Security regulations define an "acceptable medical source" as including a "licensed psychologist."* 20 C.F.R. § 404.1502(a)(2) (emphasis supplied). A licensed psychologist includes a "licensed or certified psychologist at the independent practice level." 20 C.F.R. § 404.1502(a)(2)(i). It seems apparent that Dr. Bentley, a practicing psychologist with

a Ph.D. degree, should satisfy these regulatory definitions. The ALJ did not offer any explanation for his contrary conclusion, *or for his illogical decision to select a professional that he did not consider to be an "acceptable medical source" to perform a consultative psychological examination*.

Moreover, even setting aside the issue of whether Dr. Bentley was an acceptable medical source under Social Security regulations, the ALJ's treatment of Dr. Bentley's assessment does not make sense. Even though the ALJ gave little weight to the assessment, his residual functional capacity finding took into account many of the problems identified by Dr. Bentley. For example, Dr. Bentley stated that the prognosis for claimant's current level of functioning was favorable, which is consistent with the ALJ's finding that claimant was not precluded from all gainful work activity. Dr. Bentley stated that claimant's PTSD would affect his ability to perform complex or repetitive tasks, which is consistent with the ALJ's finding that claimant would be limited to understanding, remembering, and carrying out simple instructions.[5] Dr. Bentley also found that claimant would be *limited* (not totally precluded) in his abilities to communicate effectively with coworkers and supervisors, work at a normal pace, make decisions, and deal with workplace stressors. The ALJ's residual functional capacity finding included corresponding limitations to sustaining work for only two hours at a time; occasional interaction

---

[5] *See* Tr. 24.

with the public, co-workers, and supervisors; occasional decisionmaking; and infrequent changes in the work environment.[6]

For the foregoing reasons, the court cannot find that the ALJ's consideration of Dr. Bentley's assessment was supported by substantial evidence.[7] The decision of the Commissioner is REVERSED, and this action is REMANDED to the Commissioner of the Social Security Administration for further consideration of Dr. Bentley's assessment, and any other further proceedings consistent with this order.

The Clerk of Court is directed to close this file.

DONE this 22nd day of September, 2017.

_____
United States District Judge

---

[6] *Id.*

[7] Because remand is warranted on these grounds, the court need not consider claimant's other arguments.